IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARNELL WOODS, | 1:10-cv-01570-AWI-BAM (PC) |
| Plaintiff, | |
| vs. | ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE |
| M. CATES, et al., | |
| Defendants. | |
| _____/ | |

    Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 31, 2010. On September 2, 2011, the Court issued an order reassigning the case, and on September 13, 2011, the order was returned by the United States Postal Service as undeliverable stating "not at facility." On October 17, 2011, the Court again issued an order reassigning this case, and on October 27, 2011, the order was returned by the United States Postal Service as undeliverable stating "Undeliverable, Not at CDCR."

    Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his or her current address at all times. Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action

without prejudice for failure to prosecute.

In the instant case, more than sixty-three days have passed since Plaintiff's mail was returned, and he has not notified the Court of a current address.

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, Local Rule 183(b) provides for the dismissal of an action based on returned mail.  Given the Court's inability to communicate with Plaintiff, dismissal is warranted and there are no other reasonable alternatives available.  See Carey, 856 F.2d at 1441.

Accordingly, this action is HEREBY DISMISSED, without prejudice, based on Plaintiff's failure to prosecute.

IT IS SO ORDERED.

Dated:     December 23, 2011

CHIEF UNITED STATES DISTRICT JUDGE